1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.H., by and through her guardian ad litem, NOHEMI GALLEGOS, and NOHEMI GALLEGOS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | 1:13-cv-00500-LJO-JLT<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 25) |

## I. INTRODUCTION

Plaintiffs Nohemi Gallegos ("Ms. Gallegos") and minor J.H., by and through her guardian ad litem Ms. Gallegos, bring this medical malpractice suit against various defendants including Lawrence S. Garcia, M.D. ("Dr. Garcia"), a federal employee under the Federally Supported Health Centers Assistance Act ("FSHCAA").  Plaintiffs, mother and daughter, allege that Dr. Garcia was negligent with regard to the treatment they received during Ms. Gallegos' pregnancy with J.H.  Pending before the Court is the United States' ("government") motion to dismiss for lack of subject matter jurisdiction.  For the reasons discussed below, this Court GRANTS the government's motion to dismiss with prejudice.

## II. BACKGROUND

**A. Facts**[1]

On November 10, 2010, Ms. Gallegos went to the Delano Regional Medical Center to treat a

---

[1] The background facts are derived from the complaint.  The Court accepts the factual allegations in the complaint as true for purposes of this motion.  *See Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1  possible ectopic[2] pregnancy.  Eric P. Hoffman, M.D. ("Dr. Hoffman") determined that Ms. Gallegos'

2  pregnancy was ectopic.  Accordingly, on November 16, 2010, Ms. Gallegos employed Dr. Garcia,

3  Kern Medical Center, and Clinica Sierra Vista to treat her ectopic pregnancy.  Without first confirming

4  that Ms. Gallegos was in fact suffering from an ectopic pregnancy, Dr. Garcia administered Ms.

5  Gallegos the drug methotrexate to end her pregnancy.  It was subsequently determined that Ms.

6  Gallegos was not suffering from an ectopic pregnancy and that her pregnancy was intrauterine in

7  nature.  Thus, Dr. Garcia administered methotrexate to Ms. Gallegos during an intrauterine pregnancy.

8  On July 7, 2011, Ms. Gallegos gave birth to J.H.  J.H. suffers from several birth defects including a

9  malformed skull and hip.  She also suffers from developmental issues.  Plaintiffs allege that J.H.'s birth

10  defects were caused by the methotrexate Dr. Garcia administered to Ms. Gallegos during her

11  pregnancy.

12  **B. Procedural History**

13  On October 9, 2012, plaintiffs filed suit in Kern County Superior Court[3] against Kern Medical

14  Center, Kern County, Delano Regional Medical Center, Dr. Hoffman, Dr. Garcia, and Does 1-30.  On

15  April 4, 2013, the government removed the action to this Court based on Dr. Garcia's status as a

16  federal employee under the FSHCAA.  On September 20, 2013, plaintiffs filed a second amended

17  complaint.  They allege medical malpractice claims with regard to the treatment plaintiffs received

18  during Ms. Gallegos' pregnancy.  Pending before the Court is the government's motion to dismiss for

19  lack of subject matter jurisdiction.  On March 13, 2014, this Court found the motion suitable for a

20  decision without oral argument, pursuant to Local Rule 230(g), and vacated the March 20, 2014,

21  hearing date.

22  ### III. LEGAL STANDARD

23  Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's

24  jurisdiction over the subject matter of the complaint.  Dismissal is appropriate when the district court

25  _____

26  [2] An ectopic pregnancy is one in which the fertilized egg implants somewhere outside the uterus.  *See*
http://www.mayoclinic.org/diseases-conditions/ectopic-pregnancy/basics/definition/con-20024262 (last visited March 6, 2014).

27  [3] The Court GRANTS the government's request for judicial notice of the Superior Court of California, County of Kern's
case docket for case no. S-1500-cv-277134.  (Doc. 25-2).  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)

28  ("under Fed. R. Evid. 201, a court may take judicial notice of matters of public record") (internal quotation marks omitted).

lacks subject matter jurisdiction over the claim.  FED. R. CIV. P. 12(b)(1).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

## IV. DISCUSSION

The government contends that plaintiffs' claims against Dr. Garcia should be dismissed for lack of subject matter jurisdiction because plaintiffs filed their complaint before exhausting their administrative remedies under the Federal Tort Claims Act ("FTCA").

Under the FSHCAA, "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action . . . shall be . . . deemed a tort action brought against the United States . . ."  42 U.S.C. § 233(c).  Here, the Attorney General certified that Dr. Garcia is an employee of the Public Health Service pursuant to the FSHCAA, and was acting in the scope of his employment at the time of the events alleged.  (Doc. 1-1).  Accordingly, the instant action is a tort action brought against the United States.  As a result, the FTCA is the exclusive remedy available to plaintiffs.  28 U.S.C. § 2679(b)(1).

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted administrative remedies.  28 U.S.C. § 2675(a).  "[T]he statutory procedure is clear.  A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made."  *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).  The exhaustion requirement is jurisdictional in nature and thus, "must be strictly adhered to."  *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

Plaintiffs filed suit against Dr. Garcia in California state court on October 9, 2012.  (Doc. 25-2).  Subsequently, J.H. filed an administrative claim with the Department of Health & Human Services ("HHS") which was received by HHS on February 22, 2013.  (Doc. 25-3, p. 4).  HHS denied the claim

3

1   on May 3, 2013.  (Doc. 25-3, p. 13).  Shortly thereafter, Ms. Gallegos filed an administrative claim

2   asserting the same allegations.  HHS received Ms. Gallegos claim on May 20, 2013.  (Doc. 25-3, p. 16,

3   18).  On May 22, 2013, HHS informed Ms. Gallegos that she could not file a claim asserting the same

4   allegations as J.H. because a final determination had already been made.  (Doc. 25-3, p. 18).  Plaintiffs

5   filed their lawsuit in October 2012, but did not exhaust their administrative remedies until May 2013.

6   Because plaintiffs filed their lawsuit before exhausting their administrative remedies, this Court lacks

7   subject matter jurisdiction over plaintiffs' claims against Dr. Garcia.

8          Plaintiffs contend that because their complaint does not allege FTCA claims against the United

9   States and because they exhausted their administrative remedies during the pendency of this suit that

10  they are now entitled to amend their complaint to allege their exhausted FTCA claims against the

11  United States.  Plaintiffs rely on *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011) to support

12  their argument.

13         In *Valadez-Lopez*, plaintiff filed suit against local officials under § 1983 and alleged a *Bivens*

14  claim against federal officials.  *Id.* at 854.  Plaintiff separately filed an administrative tort claim with

15  the appropriate federal agencies, pursuant to the FTCA's exhaustion requirement.  *Id.*  "After six

16  months, having received no response from the agencies as to his administrative claims, he considered

17  the requests to have been deemed denied and amended his complaint to name the United States as a

18  defendant and allege[d] liability under the FTCA."  *Id.* (internal citations omitted).  The district court

19  granted the United States' motion to dismiss the FTCA claims for failure to exhaust.  *Id.*  The Ninth

20  Circuit determined that the district court erred in concluding that plaintiff failed to exhaust his

21  administrative remedies because plaintiff's original complaint "neither named the United States as a

22  defendant nor stated a claim under the [FTCA]."  *Id.* at 855.  Thus, plaintiff exhausted his

23  administrative remedies before instituting a claim against the United States under the FTCA.  *Id.*

24         The facts of this case can be distinguished from *Valadez-Lopez*.  Although plaintiffs do not

25  explicitly state a FTCA claim against the United States; pursuant to the FSHCAA, their claims against

26  Dr. Garcia are "deemed a tort action brought against the United States."  42 U.S.C. § 233(c).  Plaintiffs

27  brought their claims against Dr. Garcia before exhausting their administrative remedies.  Thus, they

28  failed to exhaust their administrative remedies before instituting their claim against the United States.

Moreover, even if the Court were to give plaintiffs the opportunity to amend their complaint, their claims are time barred. "A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Plaintiffs' administrative claims were denied in May 2013. Accordingly, even if the Court were to give plaintiffs the opportunity to amend their complaint their claims would be time barred because it is well past the six month statutory deadline.

In addition, plaintiffs would not be entitled to equitable tolling because they cannot show that they pursued their rights diligently. "[A] litigant seeking equitable tolling bears the burden of establishing . . . (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc). "The standard for reasonable diligence . . . requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Id.* Plaintiffs were aware of the government's jurisdictional argument as early as April 11, 2013, when the government raised the issue in their answer to plaintiffs' first amended complaint. (Doc. 5). Yet plaintiffs failed to file a lawsuit against the United States in a timely manner. Therefore, plaintiffs would not be entitled to equitable tolling.

### V. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS the government's motion to dismiss with prejudice; and

2. REMANDS this action to the Superior Court of California for the County of Kern for further proceedings.

3. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **March 18, 2014**            **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28